UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON ELLIS,

       Plaintiff,                         Case No.:

v.

AMERITECH FACILITY SERVICES, LLC.,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JASON ELLIS, by and through his undersigned counsel and sues the Defendant, AMERITECH FACILITY SERVICES, LLC. (hereinafter "AMERITECH" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, AMERITECH, is a Foreign Profit Corporation authorized and doing business in this Judicial District. At all times material, AMERITECH employed Plaintiff, JASON ELLIS.

4. At all times material, Plaintiff, JASON ELLIS, was an employee of Defendant within the meaning of the Family and Medical Leave Act.

## GENERAL ALLEGATIONS

5. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

6. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

7. Plaintiff requests a jury trial for all issues so triable.

## ADMINISRATIVE PREREQUISITES

8. On April 15, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Plaintiff intends to seek leave of court to amend this Complaint after exhausting his administrative remedies and satisfying all conditions precedent.

## FACTUAL ALLEGATIONS

9. In or around April 2016, Plaintiff began his employment with Defendant as a full-time Field Tech Supervisor.

10. During his employment with Defendant, Plaintiff understood that he was performing his job well and, in September 2016, received Defendant's Star award.

11. On November 18, 2018, Plaintiff was injured in a motor vehicle accident while driving his company vehicle. Plaintiff suffered cervical and lumbar disc herniations, multiple rib fractures, a tear of his ACL and a labral tear with multi-direction instability. As a result of the injuries, Plaintiff had ongoing medical treatment.

12. Plaintiff immediately informed his supervisor, Larry Netti (Territory Manager) of the accident. Netti told Plaintiff that he was not on company time during the accident and that Plaintiff was going to be responsible for the insurance deductible. Plaintiff informed Netti that he

was using the company truck to prepare for his job that evening, which was required for Plaintiff's job.

13. On November 19, 2018, Larry Netti issued Plaintiff a First Written Warning for Violation of Safety Rules. Specifically, the Warning stated that the infraction was for driving the company vehicle for personal use and having an accident occur during that time. The Warning further stated that Plaintiff was no longer allowed to drive company vehicles.

14. Following Plaintiff's injury, no one from Defendant reached out to Plaintiff to ask about his health. Furthermore, Defendant did not provide Plaintiff with notice of his rights under the Family and Medical Leave Act ("FMLA").

15. Plaintiff requested to use PTO and vacation time for his injury through Defendant's internal website.

16. On or about December 17, 2018, Netti called Plaintiff and asked if Plaintiff could work the next day. Plaintiff told Netti that he could not and, as a result, Netti told Plaintiff that he needed to complete FMLA paperwork.

17. On December 17, 2018, Plaintiff emailed Netti and Human Resources requesting paperwork related to his medical leave.

18. On December 18, 2018, Dawn Hudson (Administrative Assistant) emailed Plaintiff, attached Defendant's FMLA policy, and told Plaintiff to determine if he qualified for FMLA leave. Plaintiff responded that he qualified and requested that the paperwork be forwarded to him.

19. On December 19, 2018, Plaintiff corresponded via email with Pamela Denison-Young (Senior HR Consultant) regarding his FMLA leave. During the conversation, Plaintiff

noted that he was hoping to take the "shortest amount of time possible" because he "seriously need[ed] to get back to work and income."

20. On December 20, 2018, Denison-Young provided Plaintiff with his FMLA notice.

21. On December 29, 2018, Plaintiff submitted his FMLA request. The anticipated end date for Plaintiff's FMLA leave was January 10, 2019.

22. On December 31, 2018, Defendant cancelled Plaintiff's health insurance.

23. On January 9, 2019, Plaintiff was terminated from his employment with Defendant. Plaintiff was told by Netti that he was terminated for violating company policy and "costing the company too much money."

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT -- INTERFERENCE

24. Plaintiff, JASON ELLIS, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

25. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

26. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

27. Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

28. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

29. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights. Specifically, Defendant terminated Plaintiff's employment while Plaintiff was on qualified and approved leave under the FMLA.

30. Alternatively, Defendant interfered with Plaintiff's lawful exercise of his FMLA rights by failing to restore Plaintiff to his position or an equivalent position.

31. Defendant also interfered with Plaintiff's FMLA rights by failing to notify Plaintiff of his rights under the FMLA.

32. Defendant's actions constitute violations of the FMLA.

33. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- RETALIATION

34. Plaintiff, JASON ELLIS, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

35. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to formally discipline Plaintiff and terminate Plaintiff's employment.

36. Defendant's actions constitute a violation of the FMLA.

37. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

38. Plaintiff, JASON ELLIS, demands a trial by jury on all issues so triable.

**DATED** this 17th day of May 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Dr.
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*